IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. |
| | ) | 1:20-CR-192-FJS |
| **v.** | ) | **Indictment** |
| | ) | |
| **EDGAR M. BAKER, JR.,** | ) | Violation:   18 U.S.C. § 1956(h) [Conspiracy |
| **JEFFREY DOCTOR,** | ) | to Commit Money Laundering] |
| **CAREY TERRANCE, and** | ) | |
| **DEREK WHITE,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | 1 Count and Forfeiture Allegation |
| | ) | |
| **Defendants.** | ) | Counties of Offense:   Albany, Clinton, |
| | ) | Franklin, St. Lawrence |

**THE GRAND JURY CHARGES:**

At all times relevant to this indictment:

**Introduction**

1.     Cut rag tobacco was tobacco cut into fine strips used to make cigarettes.  Cut rag tobacco was not taxed in the United States.

2.     The Canadian federal government imposed excise duties on cut rag tobacco imported into Canada of $131.43 Canadian dollars per kilogram. The Quebec provincial government imposed taxes on the sale of cut rag tobacco of $149 Canadian dollars per kilogram. When cut rag tobacco was smuggled into Canada and one or more of those taxes were not paid, Canadian cigarette manufacturers producing cigarettes with smuggled cut rag tobacco earned a larger profit.

3.     Tinidril, Inc. ("Tinidril") was a North Carolina corporation doing business as a tobacco distributor at 2000 Vass Road, Raeford, North Carolina 28376.  The defendant, EDGAR M. BAKER, JR., was the President and Samuel C. Baker was the Vice President.  Tinidril had the

following checking accounts: BB&T Bank accounts ending in *6515 and *3436, a Fidelity Bank account ending in *8546; and a Key Bank account ending in *0434, which Samuel C. Baker opened on or about January 3, 2013 in Massena, New York. The defendant, EDGAR M. BAKER, JR., was a signatory on all of the accounts.

4.      Legato Enterprises, Inc. ("Legato") was a North Carolina corporation doing business as a tobacco distributor at 13382 Wesleyan Drive, Laurinburg, North Carolina 28352. Samuel C. Baker was the President. Legato had the following checking accounts: BB&T Bank account ending in *6035 and a Key Bank account ending in *0442, which Samuel C. Baker opened on or about January 3, 2013 in Massena, New York. Samuel C. Baker was a signatory on both accounts.

5.      Tinidril and Legato sold cut rag tobacco to Canadian purchasers and purchasers who smuggled or arranged to smuggle the cut rag tobacco into Canada. The Canadian purchasers paid for the cut rag tobacco by (a) wiring money from Canadian bank accounts to Tinidril and Legato bank accounts in the United States directly and through other U.S. bank accounts; (b) causing co-conspirators to deposit cash into Tinidril and Legato bank accounts in Massena, Syracuse, Lewiston, and Batavia, New York; and (c) causing co-conspirators to deliver cash to the defendant, EDGAR M. BAKER, JR., and to Samuel C. Baker.

6.      The defendant, EDGAR M. BAKER, JR., paid truck drivers, who lived in the United States including in the Northern District of New York, to pick up cut rag tobacco from a distributor in Wilson, North Carolina, and to drive the cut rag tobacco for storage in warehouses in New York, New Jersey, Pennsylvania, and the Akwesasne Mohawk Indian Reservation. The defendant, EDGAR M. BAKER, JR., paid to store the cut rag tobacco at many of these warehouses until the Canadian purchasers could arrange for its pick up.

2

7.     Defendants JEFFREY DOCTOR and DEREK WHITE hired or arranged for the hiring of truck drivers to pick up the cut rag tobacco from the warehouses and then smuggle it into Canada. The truck drivers smuggled the tobacco through the Champlain Port of Entry in Champlain, New York; the Fort Erie Peace Bridge in Buffalo, New York; the Lewiston-Queenston Bridge in Lewiston, New York; and the Alexandria Bay Port of Entry in Alexandria Bay, New York. When the truck drivers smuggled cut rag tobacco through ports of entry, they failed to declare that they had cut rag tobacco in their trailers and instead declared that they were hauling other goods subject to no and lower excise duties than cut rag tobacco including, among other things, salt, fruit, and scrap rubber. Other truck drivers smuggled cut rag tobacco to Canada by avoiding ports of entry and taking it through the Akwesasne Mohawk Indian Reservation.

8.     When the cut rag tobacco reached Canada, the Canadian purchasers used it to manufacture cigarettes and then sold the cigarettes in Canada.

## COUNT ONE
### [Conspiracy to Commit Money Laundering Offense]

9.     Paragraphs 1 through 8 are incorporated by reference.

10.     From in or about January 2013 through on or about March 30, 2016, in Albany, Clinton, Franklin, and St. Lawrence Counties in the Northern District of New York and elsewhere, the defendants, EDGAR M. BAKER, JR., JEFFREY DOCTOR, CAREY TERRANCE, and DEREK WHITE conspired with others to commit international money laundering by transporting, transmitting and transferring, and attempting to transport, transmit, and transfer one or more monetary instruments and funds from a place outside the United States to a place inside the United States with the intent to promote the carrying on of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and conspiracy to do so, in violation of

Title 18, United States Code, Section 1349, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

All in violation of Title 18, United States Code, Section 1956(h).

### Manner and Means

11.     It was a manner and means of the conspiracy that defendants JEFFREY DOCTOR, CAREY TERRANCE, and DEREK WHITE called by telephone and texted Samuel C. Baker to order cut rag tobacco from Tinidril and/or Legato, when EDGAR M. BAKER, JR., DOCTOR, TERRANCE, and WHITE knew that the cut rag tobacco would be smuggled into Canada to avoid the Canadian federal excise duties and provincial taxes.

12.     It was further a manner and means of the conspiracy that Samuel C. Baker texted defendants JEFFREY DOCTOR, CAREY TERRANCE and DEREK WHITE information about the wiring of money from Canadian bank accounts to Tinidril and/or Legato checking accounts to pay for the cut rag tobacco.

13.     It was further a manner and means of the conspiracy that defendants JEFFREY DOCTOR and DEREK WHITE wired and directed the wiring of money from Canadian bank accounts to Tinidril and/or Legato bank accounts and that DOCTOR, TERRANCE, and WHITE made payments by cash or check intended for Tinidril and/or Legato, for cut rag tobacco that they knew would be smuggled to Canada as follows:

> a. Between in or about January of 2011 through February of 2016, defendant DEREK WHITE arranged for at least 90 check or wire transfer payments, the majority of which were wire transfers originating in Canada, totaling at least $4,988,460.27, to Tinidril's Fidelity bank account ending in 8546 and BB&T bank account ending in 6515;

4

b.  Between in or about April of 2013 through March of 2016, defendant JEFFREY DOCTOR arranged for at least 127 wires transfer payments, totaling at least $13,130,435.79, the majority of which originated in Canada, to Legato BB&T bank account ending in 6035;

c.  Between in or around December of 2015 and January of 2016, defendant CAREY TERRANCE arranged for at least three checks, drawn on accounts located in Canada, payable to Tinidril BB&T bank account ending in 6515, totaling at least $249,020.

14.     It was further a manner and means of the conspiracy that defendants JEFFREY DOCTOR, CAREY TERRANCE, and DEREK WHITE deposited or caused the depositing of bulk cash into Tinidril Key Bank account ending in 0434 and Legato Key Bank account ending in 0442, both located in Massena, New York, to pay for cut rag tobacco that was smuggled into Canada, as follows:

a.  Between on or about August 14, 2013 and October 11, 2014, JEFFREY DOCTOR deposited or caused the depositing of at least $144,000 in cash into Legato Key Bank account ending in 0442;

b.  On or about December 23, 2013, DEREK WHITE deposited or caused the depositing of at least $167,225 in cash into Tinidril Key Bank account ending in 0434; and

c.  Between on or around January of 2013 through January of 2014, CAREY TERRANCE deposited or caused the depositing of at least $4,038,542 in cash into Tinidril Key Bank account ending in 0434.

15.     It was further a manner and means of the conspiracy that defendant DEREK WHITE concealed the true purpose of the wire transfers from an account in his name by falsely stating that the wires were for, among other things, "racing parts," "car parts," and "purchase of auto racing parts."

16.     It was further a manner and means of the conspiracy that the defendant, EDGAR M. BAKER, JR., used the money defendants JEFFREY DOCTOR, CAREY TERRANCE, and DEREK WHITE sent to (a) buy cut rag tobacco from a North Carolina manufacturer and distributor; (b) pay truck drivers to pick up and transport the cut rag tobacco to warehouses in New York, New Jersey, and Pennsylvania; and (c) store the cut rag tobacco in those warehouses before the Canadian co-conspirators smuggled the cut rag tobacco into Canada.

17.     It was further a manner and means of the conspiracy that the Samuel C. Baker communicated with the truck drivers, warehouse owners, and the defendant EDGAR M. BAKER, JR., by interstate text messages and telephone calls and the defendant, EDGAR M. BAKER, JR., communicated with warehouse workers by interstate emails.

18.     It was further a manner and means of the conspiracy that defendants JEFFREY DOCTOR, CAREY TERRANCE, and DEREK WHITE caused the cut rag tobacco to be smuggled from the United States into Canada so that it could be processed into cigarettes and sold without payment of Canadian federal excise and provincial taxes.

19.     It was further a manner and means of the conspiracy that the defendant, EDGAR M. BAKER, JR., and Samuel C. Baker sold approximately 18,639,505 pounds of cut rag tobacco to defendants JEFFREY DOCTOR, CAREY TERRANCE, and DEREK WHITE, knowing that it would be smuggled into Canada.

All in violation of Title 18, United States Code, Section 1956(h).

6

## FORFEITURE ALLEGATION

20.   The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), and Title 28, United States Code, Section 2461.

21.   Pursuant to Title 18, United States Code, Section 982(a)(1) and Title 26, United States Code, Section 2461, upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h) set forth in Count One of this indictment, the defendants EDGAR M. BAKER, JEFFREY DOCTOR, CAREY TERRANCE, and DEREK WHITE shall forfeit to the United States of America, any property, real and personal involved in the offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

        a.   With respect to EDGAR M. BAKER, JR., a money judgment in an amount of no less than $9,305,476 in United States currency;

        b.   With respect to JEFFREY DOCTOR, a money judgment in an amount of no less than $19,932,031 in United States currency;

        c.   With respect to CAREY TERRANCE, a money judgment in an amount of no less than $12,237,848 in United States currency; and

        d.   With respect to DEREK WHITE, a money judgment in an amount of no less than $5,425,405 in United States currency.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

        a.   Cannot be located upon the exercise of due diligence;

        b.   Has been transferred or sold to, or deposited with, a third party;

7

c.  Has been placed beyond the jurisdiction of this court;

d.  Has been substantially diminished in value; or

e.  Has been commingled with other property which cannot be divided without difficulty,

It is the intention of the United States, pursuant to Title 21, United States Code Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeiture judgment.

Dated:   July 23, 2020

A TRUE BILL,   ***REDACTED***

Grand Jury Foreperson

GRANT C. JAQUITH
United States Attorney

By:

Emily C. Powers
Assistant United States Attorney
Bar Roll No. 5139205